TUCKER, Judge.
Plaintiff, Grand Pelican Furniture Company, a partnership composed of T. Lacy Grand, Iola G. Tillman, John R. Grand, Jr., Mary G. Murphy, Lena G. Williams, and Jennie G. Woodside sustained certain losses as a result of a fire on its premises, which occurred February 2, 1961. At the time of the fire plaintiff’s building and its contents were insured by the following companies in the following amounts:
Cambridge Mutual Fire Insurance
Company $30,000.00
Insurance Company of North America 10,000.00
Quincy Mutual Fire Insurance Company 10,000.00
New York Central Mutual Fire Insurance Co. 15,000.00
Citizens Insurance Company of New Jersey 15,000.00
Lumbermens Mutual Casualty Company 10,000.00
On April 28, 1961, plaintiff filed a proof of loss with the aforementioned insurance companies in the amount of Fourteen Thousand Nine Hundred Sixteen and 96/100 ($14,916.96) Dollars, later amended on July 26, 1961, to demand only Twelve Thousand and Two Hundred Eleven and 48/100 ($12,211.48) Dollars. The insurance companies rejected these demands, and plaintiff brought suit against all of the aforementioned insurance companies in solido, for the amended total alleged damage, plus legal interest from the date of the fire, twelve per cent (12%) additional on the total, presumably for penalties, although the petition does not so state, and $5,000.00 attorney’s fees.
The case was tried in the lower court on March 17, 1971, and judgment was rendered for the plaintiff in the amount of $1,083.61, representing $450.00 for the cost of repainting the interior of the furniture store, $546.11 for the cost of deordorizing the store, and $87.50 for the cost of twenty-five sets of wooden bed rails which burned. Costs were taxed to the defendants, including Thirty-five dollars for the expert fee of Mr. Ernest Preis. From this judgment plaintiff appealed, alleging error by the trial court in not allowing it the cost of 274 specific items of upholstered furniture, as shown on the inventory list made an exhibit herein, less two-thirds their cost, as damages. Additional error was alleged in the trial court’s disallowing an item of $250.00 representing the salaries of plaintiff’s employees used for three days to clean up the fire and smoke damage. Alternatively, plaintiff alleges that the trial court should have allowed it nominal damages for the furniture losses.
The fact of the fire and the smoke damage to the interior of the furniture store and to the upholstered furniture therein are amply substantiated by the record. The judgment of the trial court, awarding plaintiff $450.00 for the cost of repainting the interior of the store; $546.11 for the cost of deodorizing the store; and $87.50 for the cost of 25 sets of wooden bed rails burned in the fire, is amply established by a preponderance of testimony in the record.
There is no doubt of the damage inflicted upon plaintiff’s upholstered furniture by the smoke, but the matter of resulting loss is highly questionable. Plaintiff has presented in evidence a detailed inventory of 274 items of upholstered furniture *93 allegedly smoke damaged in the fire, complete with the cost of each item. The total of these items amounts to $13,865.55. Several witnesses testified that the normal freight charge for these items of furniture is 10% to 12% and that the inventory list does not reflect it. Plaintiff is asking, therefore, that 10% or $1,386.55 of the furniture total be added to the cost of the smoke damagéd items, to make a total actual cost of $15,252.10. Plaintiff presented two witnesses qualified as furniture appraisers who saw the furniture immediately after the fire, but who did not submit statements of appraisal until July, 1961, after plaintiff’s “fire sale” was well underway, to the effect that they would give plaintiff one-third of the total cost of the furniture. Plaintiff submits that their testimony is proof of the diminished value of the damaged furniture and ask for $10,168.70 as the amount of the loss on the smoke-damaged furniture. Both of the expert appraisers, on cross-examination, admitted that they did not intend to buy the furniture in question, but just to help plaintiff out with the insurance. Ernest Preis testified that, if he had purchased the furniture at one-third of its actual cost, he would have sold it as is and made a profit on it. This can hardly be considered as proof of plaintiff’s loss.
Furthermore, plaintiff did not sell the damaged furniture. The partners preferred to retain it and sell it themselves, at what they must have hoped would be a profit to them. Mr. Koon, a salesman for plaintiff, and Mrs. Koon, the bookkeeper, testified that whenever a piece of furniture was sold an invoice was made out on the sale in triplicate, with plaintiff company retaining two of the sales slips. These records were kept for five to seven years as a regular practice. Only five of these invoices were presented in evidence, however, and only one of them shows that the plaintiff sustained a loss on the sale. Plaintiffs testify vaguely that some workman must have thrown the invoices away. In view of the fact that plaintiff had already filed suit on this matter in 1962, it is most difficult to understand why it would not protect and secure these invoices, unless, of course, they revealed a profit rather than a loss on the furniture sold.
The five invoices filed in evidence are as follows:
Item Cost Amount for which sold
1. 117 $149.95 $149.95
2. 159 35.95 39.95
3. 194 77.90 89.95
4. 180 104.95 150.00
5. Invoice
No. 11919 37.95 9.95
Only one of the items listed on page 3 sold for less than its actual cost; only two for less than their actual cost, plus ten per cent (10%) for freight; and in fact the total of the sales amount for all five items, $439.80 exceeds the actual cost of only $406.70. If these five sales were used to generalize by, which we certainly do not, the plaintiff would be held to have profited by the sales of the smoke-damaged furniture items. As it is, we affirm the trial court in its finding that the plaintiff has not upheld its burden of proving loss on the upholstered furniture by a preponderance of the evidence. Non-specific testimony by certain sales people ten years after the sale to the effect that the company had sustained a two thirds’ (¿4) loss simply cannot prevail in the absence of supporting evidence.
In the light of the testimony which reveals that invoices were made on each separate item of furniture sold as smoke-damaged, which would have provided an exact method of determining plaintiff’s loss on these items of upholstered furniture, if there were any, we do not think that this court would be justified in treating this loss item as a matter for nominal damages, which has been suggested by plaintiff as the method pursued by courts of this state in certain other instances of fire loss.
In regard to the item of the salaries paid plaintiff’s employees for three days spent in cleaning up the store, we *94 think that the trial court erred in disallowing this item. Although the employees would have been engaged in other duties anyhow, at the same rate for which compensation is allowed, they very probably would have been employed in a more productive activity and earned more financial benefits for their employers. Had a crew of men been brought in from the outside to clean up the fire debris in the store, there is no doubt, that their cost would have been considered a legitimate item of com-pensable loss.
The amount of the salaries of plaintiff’s seven employees who performed the cleaning operation for three days has been well-established by the evidence. Accordingly the judgment of the trial court will be amended to include this item and plaintiff will be awarded Two Hundred Fifty and No/100 ($250.00) Dollars for the cleaning of the premises following the fire; in all other respects the judgment of the trial court is affirmed at appellees’ costs.
Judgment affirmed as amended.